IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACK TRUJILLO,

       Plaintiff,

vs.                                                       Civ. No. 03-912 RHS/ACT

COUNTY OF RIO ARRIBA, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

THIS MATTER comes before the Court on Defendant County of Rio Arriba's Motion to Dismiss for Lack of Jurisdiction filed December 15, 2003 [Doc. No. 31]. Having considered the pleadings, the arguments of the parties and the relevant law, the Court finds that the motion is well taken and will be granted.

In Count I of his First Amended Petition for Writ of Certiorari and Complaint for Damages and Injunctive Relief and Jury Demand (Doc. No. 20), Plaintiff /Petitioner Jack Trujillo seeks review of a final decision upholding his firing following a county employee grievance hearing. Defendant Rio Arriba County argues that application of Rule 1-075 NMRA 2002, the state procedural rule which allows an aggrieved party to seek review by a New Mexico District Court, would be beyond the power of the United States District Court. Mr. Trujillo contends that this Court could interpret the rule as it believes the New Mexico Supreme Court would interpret the rule and therefore has the power to issue the requested writ of certiorari.

-1-

Although federal jurisdiction over the constitutional claims involved in this case is clearly appropriate, this Court's jurisdiction to issue a state writ of certiorari addressing the state administrative agency's decision is a separate matter. The allegations of constitutional violations which are included in Count I are raised again in the remainder of the petition. Dismissing Count I will not deprive Petitioner of a federal forum to argue those claims.

Rule 1-075 (G)(2) provides that the petition must make a prima facie showing that the court issuing the writ of certiorari has jurisdiction over the agency. Petitioner has made no showing that this Court has jurisdiction over the agency. It is beyond the power of the federal district court to apply the state procedural rule and issue a state district court's writ of certiorari, See Adams v. LeMaster, 223 F.,3d 1177, 1181 (10th Cir. 2000), therefore Defendant Rio Arriba County's Motion to Dismiss Count I will be granted.

In Count VI, Mr. Trujillo alleges discrimination based on a serious medical condition in violation of the Americans with Disabilities Act. Rio Arriba County moves to dismiss this claim for failure to exhaust administrative remedies. On August 28, 2003 Petitioner filed an age discrimination claim with the EEOC. It is not clear from the record and the pleadings whether the ADA claim was included in the original EEOC complaint. In any event, this court does not have jurisdiction over the ADA claim until Mr. Trujillo has exhausted his administrative remedies. The Tenth Circuit has confirmed that "[t]he EEOC has exclusive jurisdiction over a claim during the 180 days following the filing of a charge with the EEOC by an aggrieved individual. During this time an individual may not bring suit in federal court." EEOC v. W.H. Braum, Inc., 347 F.3d 1192, 1200 (10th Cir. 2003). The 180 day time period has not yet elapsed, thus Count VI must be dismissed.

**IT IS THEREFORE ORDERED** that Defendant County of Rio Arriba's Motion to Dismiss for Lack of Jurisdiction [Doc. No. 31] is hereby GRANTED.

**IT IS FURTHER ORDERED** that Count I is DISMISSED WITH PREJUDICE with and Count VI is DISMISSED WITHOUT PREJUDICE.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE